

# haynesboone

Direct Phone Number: (212) 659-4984
Direct Fax Number: (212) 884-9572
Richard.Rochford@haynesboone.com

July 8, 2015

**Via ECF (redacted) and Hand Delivery (unredacted)**

**FILED UNDER SEAL**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Seidman et al. v. Chobani, LLC et al.*, 14-CV-4050

Dear Judge Gardephe:

    We represent plaintiffs Dov Seidman ("Seidman") and LRN Corporation ("LRN," collectively, "Plaintiffs") in the above-captioned matter. We write to the Court in response to the pre-motion letter of defendant Droga5, LLC's ("Droga5") (Doc. No. 39). As discussed below, Droga5's proposed motion for summary judgment would waste the Court's and parties' time and resources, as there are numerous genuine issues of material fact. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) ("The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment."). Rather than unnecessarily wasting substantial time and resources on such motion practice, Plaintiffs respectfully request that this case proceed with Plaintiffs' Amended Complaint.

**Droga5's Bad Faith Precludes Summary Judgment**



Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Phone: 212.659.7300
Fax: 212.918.8989
www.haynesboone.com

15239776_10

haynes*boone*

Hon. Paul G. Gardephe
July 8, 2015
Page 2



15239776_10



haynes*boone*

Hon. Paul G. Gardephe
July 8, 2015
Page 3

[REDACTED]

These facts, developed through discovery, clearly demonstrate Droga5's intentional copying and bad faith, and certainly preclude summary judgment on any of Plaintiffs' claims. *See, e.g., Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474, 483 (2d Cir. 1996) ("[S]ubjective issues such as good faith are singularly inappropriate for determination on summary judgment." (quoting *Am. Int'l. Grp. Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 353 (2d Cir. 1981)); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 583 (2d Cir. 1991) ("[I]ssues of good faith are generally ill-suited for disposition on summary judgment.") (internal citations omitted).

In fact, in a case such as this, where the bad faith and intentional copying is so egregious and plain, there is a presumption of confusion. *See Pfizer Inc. v. Sachs*, 652 F. Supp. 2d 512, 523 (S.D.N.Y. 2009) ("Where a second-comer acts in bad faith and intentionally copies a trademark or trade dress, a presumption arises that the copier has succeeded in causing confusion") (internal citations omitted); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 13-CV-5242, 2015 U.S. Dist. LEXIS 42630, at *17-18 (S.D.N.Y. Mar. 31, 2015) (granting summary judgment to senior trademark holder in light of evidence that defendant intentionally adopted a similar mark because "[a] defendant's good faith — or lack thereof — in adopting its mark is highly consequential among the Polaroid factors"); *Fruit-Ices Corp. v. CoolBrands Int'l Inc.*, 335 F. Supp. 2d 412, 428 (S.D.N.Y. 2004) ("The finding of a likelihood of success in establishing bad faith weighs heavily on the question of the likelihood of consumer confusion.").

### Plaintiffs' HOW Marks Are Protectable

As an initial matter, Droga5 is simply wrong in arguing that Plaintiffs' HOW marks are descriptive and not protectable. Plaintiffs' HOW marks are valid federally-registered marks, meriting protection. *See Dress for Success Worldwide v. Dress 4 Success*, 589 F. Supp. 2d 351, 358 (S.D.N.Y. 2008) ("A mark is presumed to merit protection when the plaintiff has a valid, registered trademark.") (internal citations omitted); *Dana Braun, Inc. v. SML Sport Ltd.*, 03-CV-6405, 2003 U.S. Dist. LEXIS 21349, at *23 (S.D.N.Y. Nov. 25, 2003) ("Registered trademarks are presumed to be distinctive and should be afforded the highest level of protection.") (internal citations omitted). Additionally, Plaintiffs' HOW marks are strong marks. Plaintiffs have been using the HOW marks in commerce for at least eight years, the HOW book is a New York Times best seller, Plaintiffs have sold millions of dollars' worth of courses and consulting services to hundreds of clients using the HOW marks and message; Plaintiffs advertise extensively on the howistheanswer.com website and through other marketing materials, and, as discussed in detail

15239776_10

haynes*boone*

Hon. Paul G. Gardephe
July 8, 2015
Page 4

in the Complaint, Plaintiffs and their marks and message have been featured extensively in newspapers, magazines, and on television and radio. (Complaint (Doc. No. 1), ¶¶ 22-34)

**Confusion and Reverse Confusion Are Likely**

Droga5, like Chobani, argues that no confusion is possible because Chobani sells yogurt and Plaintiffs sell consulting services. This simplistic view completely ignores the facts: the campaign and corporate identity implemented by Defendants attempts to sell Chobani as a "how" company, meaning how Chobani does business, treats its employees, treats its communities, and manufactures its product is more important than what it sells. This is *exactly* what Plaintiffs sell under their HOW marks.



1

**haynes**boone

Hon. Paul G. Gardephe
July 8, 2015
Page 5



### There Are Genuine Issues of Material Fact Concerning Plaintiffs' State Law Claims

There are likewise numerous genuine issues of material fact with respect to Plaintiffs' state law claims. For example, the likelihood of confusion analysis does not apply to Plaintiffs' unfair competition and dilution claims, and Defendants have offered no legitimate reason to dismiss these claims. *See also Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 95-CV-5473, 1995 WL 567369, at *10 (S.D.N.Y. Sept. 25, 1995) *aff'd*, 73 F.3d 497 (2d Cir. 1996) ("unlike trademark infringement under the Lanham Act, consumer confusion is not an element" and the claim may be brought "notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."). Instead, an element of Plaintiffs' N.Y. G.B.L. § 360-L claim, for injury to business reputation/dilution, involves Defendants' intent. As shown *infra*, Plaintiffs have discovered substantial evidence of Defendants' bad faith intent. Plaintiffs' N.Y. G.B.L. § 133 claim, regarding use of Plaintiffs' trade name with intent to deceive, also involves Defendants' intent.

These numerous questions of fact preclude any possibility of summary judgment. Further, based on the evidence uncovered during discovery, some of which is highlighted in this letter, Plaintiffs respectfully submit that they have demonstrated ample good cause to support their Amended Complaint.

Thank you for your consideration.

Respectfully submitted,

Richard D. Rochford

cc: Counsel of record (unredacted via email)

15239776_10