UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/16
```

DOV SEIDMAN and LRN
CORPORATION,

                Plaintiffs,

- against -

CHOBANI, LLC and DROGA5, LLC,

                Defendants.

**MEMORANDUM**
**OPINION & ORDER**

14 Civ. 4050 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiffs Dov Seidman and LRN Corporation have alleged federal trademark claims and related state law causes of action against Chobani, LLC, and its advertising agency, Droga5, LLC. (Cmplt. (Dkt. No. 1)) These claims relate to Chobani's "How Matters" advertising campaign. (Id.) Defendants have filed counterclaims under the Lanham Act and 28 U.S.C. §§ 2201 and 2202, seeking a declaration that (1) Plaintiffs' trademark registrations are invalid and subject to cancellation; and (2) Defendants have not infringed on Plaintiffs' alleged rights. (Droga5 Answer (Dkt. No. 9) ¶¶ 150-165; Chobani Answer (Dkt. No. 12) ¶¶ 58-67)

        On July 22, 2015, this Court issued an order setting a briefing schedule for Defendants' motion for summary judgment on Plaintiffs' federal law claims. (Dkt. No. 44) On August 4, 2015, Plaintiffs moved to voluntarily dismiss their federal law claims with prejudice, pursuant to Fed. R. Civ. P. 41. (Dkt. No. 45)

Defendants oppose Plaintiffs' motion, contending that it is a strategic gambit designed to deprive this Court of jurisdiction. (Def. Br. (Dkt. No. 48) at 4-5; see also Mar. 21, 2016 Def. Ltr. (Dkt. No. 65) at 2)[1]

## DISCUSSION

### I. APPLICABLE LAW

Rule 41(a) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As noted above, however, Plaintiffs do not seek dismissal of this action in its entirety; instead, they seek to voluntarily dismiss only their federal law claims. Accordingly, this Court must consider whether Rule 41(a) applies where a plaintiff seeks to dismiss less than all of plaintiff's claims.

"[D]istrict courts within the Second Circuit have . . . adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety." Blaize-Sampeur v. McDowell, No. 05 Civ. 4275 (JFB) (ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (citing cases); see Mut. Ben. Life Ins. Co. in Rehab. v. Carol Mgmt. Corp., No. 93 Civ. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (noting that Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953), in which the "Court of Appeals . . . h[e]ld that Rule 41 allows for dismissal of entire actions, rather than claims or parties[,]" is "no longer persuasive authority on the issue."); see also Wakefield v.

---

[1] Citations in this Order reflect page numbers assigned by this District's Electronic Case Filing (ECF) system.

N. Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985) (acknowledging that Harvey Aluminum "has been criticized and is now against the weight of the authority"). The question remains, however, whether a plaintiff can seek voluntary dismissal of only some of its claims against a defendant – while proceeding on other claims against that same defendant – and, if so, whether such a request is considered under Rule 41 or Rule 15.

"Several courts in other circuits have held that Fed. R. Civ. P. 15, rather than Rule 41(a)(1), is the appropriate device through which a plaintiff can dismiss particular claims against a defendant where it does not seek to dismiss the action against that defendant entirely." Morron v. City of Middletown, No. 05 Civ. 1705 (JCH), 2006 WL 1455607, at *2 (D. Conn. May 23, 2006) (citing Gobbo Farms & Orchards v. Poole Chemical Co., Inc., 81 F.3d 122, 123 (10th Cir. 1996); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988); 9 Wright & Miller, Federal Practice and Procedure § 2362 (2005 Supplement) ("[W]hen multiple claims are filed against a single defendant, Rule 41(a) applies only to the dismissal of all claims in an action. A plaintiff who wished to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.")).

The Second Circuit has not resolved the issue of whether the proper vehicle is Rule 15 or Rule 41(a), but has stated that "the district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." Wakefield, 769 F.2d at 114 n.4 (citing 5 Moore's Federal Practice ¶ 41.06-1 at 41-83; Mechmetals Corp. v. Telex Computer Products, Inc., 709 F.2d 1287, 1294 (9th Cir. 1983)). Accordingly, "[a]lthough a motion to eliminate only certain claims [may] actually [be] a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two." Machne Menachem, Inc. v. Hershkop, No. 97 Civ. 2550 (ILG),

3

2003 WL 1193528, at *2 (E.D.N.Y. Jan. 31, 2003) (citing Wakefield, 769 F.2d at 114 n.4); see also Coultrip v. Pfizer, Inc., No. 06 Civ. 15200 (JCF), 2011 WL 1219365, at *6 (S.D.N.Y. Mar. 24, 2011) ("The standard for permitting an amendment withdrawing a claim is the same as for voluntarily dismissing an action under Rule 41(a) of the Federal Rules of Civil Procedure." (citing Wakefield, 769 F.2d at 114 n.4; Chambers v. Time Warner, Inc., No. 00 Civ. 2839, 2003 WL 1107790, at *2 (S.D.N.Y. March 12, 2003))). "In general, [a] court may allow such a dismissal if the defendant will not be prejudiced thereby[.]" Wakefield, 769 F.2d at 114 (citing Hoffman v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979)). Accordingly, this Court next considers whether Defendants will be prejudiced if Plaintiffs' application to dismiss their federal law claims is granted.

## II. WHETHER DEFENDANTS WILL BE PREJUDICED BY THE DISMISSAL OF PLAINTIFFS' FEDERAL LAW CLAIMS

Defendants argue that they will be prejudiced if Plaintiffs are permitted to withdraw their federal claims, because Plaintiffs' request is part of a strategic gambit to deprive this Court of jurisdiction. (Def. Br. (Dkt. No. 48) at 10-11) Defendants assert that once Plaintiffs' federal claims are dismissed, Plaintiffs will contend that this Court lacks jurisdiction and move to dismiss their state law claims without prejudice. (Id. at 10) Plaintiffs will then re-file those claims in state court. (Id.) Given that litigation has proceeded before this Court for more than a year, Defendants complain that a state court proceeding on similar issues will unfairly and unreasonably subject them to additional expense. (Id. at 11)

Defendants also argue, however, that their federal law counterclaims provide an independent basis for this Court's jurisdiction, and that "Plaintiffs' dismissal of their [f]ederal claims with prejudice [– if granted –] does not moot Defendants' counterclaims. (Id. at 7-8) (emphasis in original) Plaintiffs contend "that the Defendants' declaratory judgment

4

counterclaims will [not], upon dismissal of Plaintiffs' federal claims, provide a basis for federal jurisdiction." (Pltf. Reply Br. (Dkt. No. 50) at 5 n.4)

Because Defendants' unfair prejudice arguments turn on whether this Court will retain jurisdiction after dismissing Plaintiffs' federal claims, this Court next addresses the impact of such a dismissal on its jurisdiction.

### A. The "Case or Controversy" Requirement

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a). The Act thus "confers on federal courts 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" Peconic Baykeeper, Inc. v. Suffolk County, 600 F.3d 180, 187 (2d Cir. 2010) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)).

"By its very language, the Declaratory Judgment Act makes clear that a court must have subject matter jurisdiction over a case on some other basis before it may grant declaratory or injunctive relief." Fraternal Order of Police, Nat. Labor Council, USPS No. 2 v. U.S. Postal Serv., 988 F. Supp. 701, 705 (S.D.N.Y. 1997) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950); PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1110 (2d Cir. 1997)). "The Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction." Id.

Accordingly, "'in [a trademark] infringement action [such as this], a counterclaim seeking a declaration of non-infringement will be viable only when it presents an independent case or controversy that would survive a dismissal of the plaintiff's infringement claim.'" Orientview Technologies LLC v. Seven For All Mankind, LLC, No. 13 Civ. 0538 (PAE), 2013

5

WL 4016302, at *4 (S.D.N.Y. Aug. 7, 2013) (quoting Maverick Recording Co. v. Chowdhury, No. 07 Civ. 640 (DGT), 2008 WL 3884350, at *2 (E.D.N.Y. Aug. 19, 2008)). Stated another way, "the Court lacks authority to grant any declaratory relief unless both a federal question and an actual controversy exist" even after Plaintiffs' federal infringement claims are dismissed. Nike, Inc. v. Already, LLC, No. 09 Civ. 6366 (RJS), 2011 WL 310321, at *3 (S.D.N.Y. Jan. 20, 2011), aff'd, 663 F.3d 89 (2d Cir. 2011), aff'd, 133 S. Ct. 721 (2013). "The party seeking the declaratory judgment maintains the burden of proving the existence of such a controversy throughout the course of the litigation." Small v. Nobel Biocare USA, LLC, No. 06 Civ. 683 (NRB), 2012 WL 4017305, at *1 (S.D.N.Y. Sept. 7, 2012) (citing Dow Jones & Co. v. Ablaise Ltd., 606 F.3d 1338, 1345 (Fed. Cir. 2010)).

### B. Defendants' Counterclaims

In its first counterclaim, Defendant Chobani contends that it is "entitled to a declaratory judgment that Chobani's use of the HOW MATTERS trademark, and the words "How Matters" and "How," does not infringe any valid rights [Plaintiffs] may have." (Chobani Answer (Dkt. No. 12) ¶ 62) Chobani's second counterclaim seeks a declaratory judgment that Plaintiffs' "'331 Registration be cancelled in whole or in part pursuant to 15 U.S.C. § 1119." (Id. (Prayer for Relief); see also id. ¶¶ 63-67)

In its first counterclaim, Defendant Droga5 seeks,

> pursuant to 28 U.S.C. §§ 2201 and 2202, a judgment from this Court that (1) Plaintiffs do not own protectable rights at common law or otherwise in the phrase "how matters" and (2) to the extent Plaintiffs have any rights in the term "how," such rights are extremely narrow and do not bar third parties as a general matter from using the term "how" as a mark or a component of a mark for unrelated products, but instead are limited to Plaintiffs' specific federal trademark registrations for "how."

(Droga5 Answer (Dkt. No. 9) ¶ 157) In the alternative, "Droga5 seeks . . . a judgment from this Court that Droga5 has not infringed, under federal or state law, any of Plaintiffs' alleged rights in and to 'how,' or any 'how'-formative marks." (Id. ¶ 158) In its second counterclaim, Droga5 requests that this Court order the cancellation of Plaintiffs' U.S. Trademark Registration Nos. 4,210,276 and 4,388,331, and direct Plaintiffs "to withdraw their pending applications for other 'how'-formative marks. (Id. ¶ 165)

### C.  Analysis

According to Defendants, "[a]s long as Plaintiffs continue to pursue any claims against Defendants (even in the form of a mere genuine threat of enforcement) the Declaratory Judgment Act and the Lanham Act confer federal standing upon Defendants." (Def. Br. (Dkt. No. 48) at 8) (emphasis in original) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-137 (2007); 15 U.S.C. § 1119)

In MedImmune, Inc., the Supreme Court held that – for purposes of satisfying the "case or controversy" requirement – a patent licensee is not required to terminate or be in breach of its licensing agreement before seeking a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed. MedImmune, Inc., 549 U.S. at 137. In that case, Genentech – acting on behalf of the patent holder – sent a letter to MedImmune – the licensee – claiming that one of MedImmune's drugs was covered by Genentech's patent, and that MedImmune owed Genentech royalties under the parties' licensing agreement. Id. at 121. MedImmune believed that the patent was invalid and unenforceable, and that it had not, in any event, infringed on the patent. Id. at 121-22. However, MedImmune "considered the letter to be a clear threat to enforce to enforce the . . . patent, terminate the . . . license agreement, and sue for patent infringement if [MedImmune] did not make royalty payments as demanded." Id. at

7

122. "Unwilling to risk . . . serious consequences, [MedImmune] paid the demanded royalties 'under protest,'" but then filed a declaratory judgment action challenging the patent. Id.

> The district court dismissed the action, relying on Federal Circuit law holding
>
> > that a patent licensee in good standing cannot establish an Article III case or controversy with regard to validity, enforceability, or scope of the patent, because the license agreement "obliterate[s] any reasonable apprehension" that the licensee will be sued for infringement.

Id. (alteration in MedImmune, Inc.) (quoting Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376, 1381 (Fed. Cir. 2004)). The Federal Circuit affirmed (id.), and the Supreme Court reversed. Id. at 137.

> In holding that MedImmune was not required to expose itself to liability in order to have standing, the court explained that declaratory judgment actions satisfy the "case or controversy" requirement where "'the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 127 (footnote omitted) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). In sum, although "[MedImmune] could only be sued for possible future conduct, . . . the [Supreme] Court held that this future conduct was of sufficient immediacy to warrant declaratory relief." Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc., 523 F. Supp. 2d 376, 383 (S.D.N.Y. 2007).

> Here, Defendants contend that, "while Chobani has launched a new campaign centered around a new tagline, Chobani has not, in fact, discontinued all use of its HOW MATTERS mark, which continues to appear on Chobani's website and on its Greek Yogurt packaging." (Def. Br. (Dkt. No. 48) at 7) Moreover, Defendants assert that "Plaintiffs [have not] retreated from their position that such use constitutes infringement[.]" (Id.) Defendants'

8

argument on this point is supported by the fact that Plaintiffs intend to proceed on five state law claims challenging Defendants' use of the "How" mark (Cmplt. (Dkt. No. 1) ¶¶ 70-90) – and wish to amend the Complaint to add several more state law claims addressing Defendants' use of this mark (see Dkt. No. 35, Ex. A ¶¶ 108-147). Under these circumstances, the Court concludes that the standard set forth in MedImmune is satisfied. Indeed, courts routinely find an actual "case or controversy" on much less substantial grounds, such as cease and desist letters. See, e.g., Venugopal v. Sharadha Terry Products, Ltd., No. 07 Civ. 00484C (JTC), 2009 WL 1468462, at *1 (W.D.N.Y. May 22, 2009) (denying motion to dismiss for lack of jurisdiction where defendants sent plaintiffs a cease and desist letter alleging trademark infringement); Russian Standard Vodka (USA), Inc., 523 F. Supp. 2d at 383 ("actual controversy" existed where defendants sent a cease and desist letter to plaintiffs claiming that plaintiffs' advertising campaign constituted trademark infringement).

In arguing that Defendants' declaratory judgment counterclaims do not provide an independent basis for federal jurisdiction, Plaintiffs rely on Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013). (See Pltf. Br. (Dkt. No. 50) at 5 n.4) In Already, the Supreme Court considered whether defendant's counterclaim alleging trademark invalidity was moot, given that plaintiff had entered into a covenant not to sue and had moved to dismiss (1) its claims with prejudice; and (2) defendant's counterclaims without prejudice. Already LLC., 133 S. Ct. at 725-26. The Supreme Court acknowledged that – because plaintiff had "demonstrat[ed] that the covenant encompasses all of [defendant's] allegedly unlawful conduct" – "it was incumbent on [defendant] to indicate that it engages in or has sufficiently concrete plans to engage in activities not covered by the covenant." Id. at 728. Because defendant "did not assert any intent to [engage in activity] that would expose it to any prospect of infringement liability[,]" the court

was "satisfied that it [was] 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur." Id. at 728-29. Accordingly, the Supreme Court found that no justiciable issue remained. Id. at 732.

Here, in contrast to Already, Plaintiffs have not entered into a covenant not to sue, and Chobani has not "discontinued all use of its HOW MATTERS mark[.]" (Def. Br. (Dkt. No. 48) at 7) Moreover, given Plaintiffs' intention to proceed on its state law claims, it is obvious that Plaintiffs have not abandoned their view that Defendants' use of the marks in question constitute infringement. (See Dkt. No. 35, Ex. A ¶¶ 87-147; Dkt. No. 65, Ex. A ¶¶ 86-87) Accordingly, it is not "absolutely clear" that Plaintiffs will not make any claims or demands against Defendants in the future regarding the "How Matters" mark, and therefore Defendants' counterclaims present an actual "case or controversy" that provides an independent basis for the exercise of federal jurisdiction.

Because granting Plaintiffs' application to voluntarily dismiss their federal claims will not deprive this Court of jurisdiction, Defendants have no basis to argue unfair prejudice.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to dismiss their Federal law claims (Cmplt. (Dkt. No. 1) First, Second and Third Claims of Relief) with prejudice is granted. The Clerk of the Court is directed to terminate the motion (Dkt. No. 45).

It is further ORDERED that the following briefing schedule will apply to Plaintiffs' motion to amend the Complaint:

1. Plaintiffs' moving papers are due **April 5, 2016**;

2. Defendants' opposition papers are due **April 15, 2016**; and

3. Plaintiff's reply, if any, is due on **April 21, 2016**.

Dated: New York, New York
       March 29, 2016

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

11